UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL BRITT PELLIGRINI,  <br>             Plaintiff,  <br>    v.  <br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1]  <br>             Defendant. | No.  2:21-cv-2312 DB  <br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, residual functional capacity determination, and Vocational Expert questioning constituted error.

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant.  See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 8.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In March of 2019, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on June 24, 2017. (Transcript ("Tr.") at 16, 186-91.) Plaintiff's alleged impairments included fibromyalgia, chronic pain, depression, sleep disorder, mood swings, and ADD. (Id. at 208.) Plaintiff's application was denied initially, (id. at 98-102), and upon reconsideration. (Id. at 107-11.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on November 17, 2020. (Id. at 32-67.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 32-38.) In a decision issued on December 28, 2020, the ALJ found that plaintiff was not disabled. (Id. at 27.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2023.
>
> 2. The claimant has not engaged in substantial gainful activity since June 24, 2017, alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe combination of impairments: fibromyalgia, chronic pain syndrome, lumbar disc disease, degenerative joint disease, headaches, depressive disorder, rule out neurocognitive disorder, and alcohol use disorder in sustained remission (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can frequently push, pull, handle, and finger with the upper extremities. He can frequently balance, stoop, kneel, crouch, and climb ramps or stairs. He can occasionally crawl and climb ladders, ropes, or scaffolds. He must avoid concentrated exposure to a greater than moderate noise level as that term is defined in the Selected Characteristics of Occupations. He cannot have exposure to unprotected heights and hazardous machinery. He can perform

      simple, routine, repetitive tasks in a work environment free from fast-paced production requirements, involving only simple work-related decisions with few, if any, changes in the workplace.

      6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

      7. The claimant was born [in] 1967 and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

      8. The claimant has at least a high school education (20 CFR 404.1564).

      9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

      10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

      11. The claimant has not been under a disability, as defined in the Social Security Act, from May 3, 2018, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 18-27.)

On June 9, 2021, the Appeals Council denied plaintiff's request for review of the ALJ's December 28, 2020 decision. (Id. at 4-7.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on December 15, 2021. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin.,

466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion asserts the following three principal claims: (1) the ALJ's treatment of the medical opinion evidence was erroneous; (2) The ALJ's residual functional capacity determination was incomplete; and (3) the ALJ failed to discuss the inconsistencies

////

////

between the Vocational Expert's testimony and the Dictionary of Occupational Titles.  (Pl.'s MSJ (ECF No. 7) at 14-22.[3])

**I.    Medical Opinion Evidence**

Plaintiff's motions argues that the ALJ failed to adequately evaluate the medical opinion evidence in compliance "with the Commissioner's revised regulations." (Id. at 14.)  For claims filed prior to March of 2017, Ninth Circuit's precedent established a hierarchy for medical opinions based on the physician's relationship to the plaintiff.  See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("Cases in this circuit distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians).").  In 1991, the Commissioner promulgated regulations consistent with the Ninth Circuit's hierarchy.  See 56 Fed. Reg. 36932-01, 1991 WL 142361 (Aug. 1, 1991).

On March 27, 2017, however, revised Social Security Administration regulations went into effect regarding the evaluation of medical opinions.  Pursuant to those regulations, "the Commissioner 'will no longer give any specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion.'"  V.W. v. Comm'r of Soc. Sec., No. 18-cv-07297-JCS, 2020 WL 1505716, at *13 (N.D. Cal. Mar. 30, 2020) (quoting 20 C.F.R. § 416.920c(a)); see also 20 C.F.R. § 404.1520c(a).  In place of specific evidentiary weight, the Commissioner will "evaluate the persuasiveness of medical opinions" based on (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(a), (c)(1)-(5), § 416.920c(a), (c)(1)-(5).

While the ALJ will consider all of the above factors, "the ALJ must explain how he considered the two 'most important factors'—supportability and consistency." Crystal R. E. v.

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

5

Kijakazi, Case No. 20-cv-0319 SH, 2022 WL 446023, at *6 (N.D. Okla. Feb. 14, 2022) (quoting 20 C.F.R. § 404.1520c(b)(2)). Supportability concerns how "relevant the objective medical evidence and supporting explanations presented by a medical source are[.]" 20 C.F.R. § 404.1520c(c)(1). The more relevant evidence and support presented "the more persuasive the medical opinion[] . . . will be." (Id.) With respect to consistency, "[t]he more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources . . . . the more persuasive the medical opinion . . . will be."

In this regard, the new regulations "still require that the ALJ provide a coherent explanation of [her] reasoning," and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." Hardy v. Commissioner of Social Security, 554 F.Supp.3d 900, 906 (E.D. Mich. 2021). Thus,

> [e]ven under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate . . . how persuasive" it finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, id § 404.1520c(b)(2).

Woods v. Kijakazi, 32 F.4th 785, 792 (9th Cir. 2022)

Here, on May 16, 2019, Dr. Molly Malone, Psy. D. conducted a comprehensive mental status evaluation of the plaintiff "at the request of the Department of Social Services." (Tr. at 518.) Dr. Malone's opinion was quite thorough and detailed, consisting of five pages of examination, findings, assessment, etc. (Id. at 518-22.) Dr. Malone's found that plaintiff, in relevant part, was "moderately to significantly impaired" in the ability to perform work activities on a consistent basis. (Id. at 521.) Moderately impaired in the "ability to complete a normal workday or workweek without interruptions." (Id.) And moderately impaired in the "ability to deal with the usual stresses encountered in competitive work environment." (Id.)

The ALJ discussed Dr. Malone's opinion finding it "partially persuasive." (Id. at 23.) The ALJ attempted to support this finding by stating that Dr. Malone's opinion was "partially

supported by her own clinical exam," but that portions of Dr. Malone's opinion were also "not corroborated by treating sources." (Id.)  To what the ALJ is referring is entirely unsaid and unclear, as no further explanation or even a citation is provided.  Moreover, the ALJ next acknowledged that relying on treating source evidence was apparently problematic "in the context of treatment limited by finances and the difficulties obtaining treatment during the current ongoing pandemic." (Id.)

The ALJ then concluded the analysis of Dr. Malone's opinion with the vague and conclusory assertion that the ALJ "adopted restrictions generally consistent with Dr. Malone's opinion."  Again, how the ALJ's adopted restrictions and Dr. Malone's opined restrictions are "generally consistent" is entirely unexplained.  For example, the ALJ found that plaintiff could perform simple work-related decisions with few changes. (Id. at 21.)  But Dr. Malone opined that plaintiff's ability to perform work "without special or additional supervision" was moderately to significantly impaired. (Id. at 521.)  In fact, Dr. Malone opined that plaintiff's "limitations in work and social functioning are significant." (Id.)  In this regard, the ALJ's decision makes no attempt to explain how the ALJ evaluated Dr. Malone's opinion.

> The regulations are clear and imperative in defining the mode of analysis.  All medical sources are to be considered, and a rationale articulating how the ALJ applied the factors specified in the regulations must be stated for each source. . . .  The administrative adjudicator has the obligation in the first instance to show his or her work, i.e., to explain in detail how the factors actually were applied in each case, to each medical source.

Hardy, 554 F.Supp.3d at 909; see also Loucks v. Kijakazi, 21-1749, 2022 WL 2189293, at *2 (2nd Cir. 2022) ("the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"); Dogan v. Kijakazi, Civil Action No. 6:21-3291 RMG, 2022 WL 4092461, at *4 (D. S.C. Sept. 7, 2022) ("where . . . there is significant record evidence supporting Plaintiff's claim of disability and the regulation requires the ALJ to consider all of the factors under 404.1520c(c), the Court cannot confirm that this was actually done without the ALJ confirming he considered all five factors set forth in § 404.1520c and explaining how he weighed those factors"); Cooley v. Commissioner of Social Security, 587 F.Supp.3d 489, 500 (S.D. Miss. 2021) ("significant gaps exist in the ALJ's discussion of Dr.

Tanious' medical opinion that leave this Court unable to build a 'logic bridge' between the evidence and his finding").

Accordingly, plaintiff is entitled to summary judgment on this claim.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'"[4] Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

---

[4] Having already identified an error requiring remand, in light of plaintiff's request for remand for further hearing, and review of the record the Court finds it unnecessary to reach plaintiff's remaining claims of error.  See Janovich v. Colvin, No. 2:13-cv-0096 DAD, 2014 WL 4370673, at *7 (E.D. Cal. Sept. 2, 2014) ("In light of the analysis and conclusions set forth above, the court need not address plaintiff' remaining claims of error."); Manning v. Colvin, No. CV 13-4853 DFM, 2014 WL 2002213, at *2 (C.D. Cal. May 15, 2014) ("Because the Court finds that the decision of the ALJ must be reversed on the basis of the stooping limitation, the Court need not address Plaintiff's remaining contentions.").

Here, plaintiff argues that this matter should be remanded for further proceedings and the Court agrees. (Pl.'s MSJ (ECF No. 7) at 23.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 7) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 11) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for further proceedings consistent with the order; and
5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: March 13, 2023

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\pelligrini2312.ord