UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL BRITT PELLEGRINI,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 2:21-cv-02312-SCR<br><br>ORDER |

Plaintiff sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits under the Social Security Act. On March 13, 2023, Magistrate Judge Barnes granted Plaintiff's motion for summary judgment and entered judgment remanding this action to the Commissioner for further proceedings. ECF Nos. 13 & 14. On remand, Plaintiff was awarded past benefits of over $180,000.[1]

Now pending before the Court is Plaintiff's January 16, 2025 Motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). ECF No. 17. Plaintiff's counsel seeks an award of $39,000. Id. The Commissioner has filed a statement that he "neither supports nor opposes

---

[1] The Notice of Award states: "Your past-due benefits are $185,460." ECF No. 17-1 at 4. The Notice further states Plaintiff will receive a check for $141,740.70. and that $39,165.00 was being withheld "in case your lawyer asks the Federal Court to approve a fee for work that was done before the court" ECF No. 17-1 at 3.

1

counsel's request for attorney's fees." ECF No. 19 at 2. The Commissioner requests that the order direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the Equal Access to Justice Act (EAJA). *Id.* at 2-3. For the reasons set forth below, the Motion will be granted.

## I. REASONABLENESS OF FEE REQUEST

At the outset of the representation, Plaintiff and her counsel entered into a contingent-fee agreement. ECF No. 17-3. Pursuant to that agreement Plaintiff's counsel may seek 25% of past due benefits awarded pursuant to 42 U.S.C. § 406(b). *Id.* The agreement further provides: "If Francesco Benavides receives any attorney fees under 42 U.S.C. § 406(b), he shall pay to Claimant any attorney fees he previously received under the Equal Access to Justice Act." *Id.* Plaintiff seeks attorney's fees in the amount of $39,000.00 which is slightly less than 25% of the retroactive disability benefits awarded to Plaintiff on remand. ECF No. 17 at 1.[2]

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The goal of fee awards under § 406(b) is "to protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk "nonpayment of [appropriate] fees." *Parrish v.*

---

[2] The attorney who represented Plaintiff at the administrative level has already received or is anticipated to receive $7,200 in fees. ECF No. 17 at 1. Thus, if this motion is granted the total fee award to both attorneys would be $46,200, which is 24.9% of the $185,460 award.

2

1 *Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1217 (9th Cir. 2012) (cleaned up).

2    The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable. *Gisbrecht*, 535 U.S. at 808-09 ("406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements"). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1149 (quoting *Gisbrecht*, 535 U.S. at 793, 808).

    In determining whether the requested fee is reasonable, the court considers "'the character of the representation and the results achieved by the representative.'" *Crawford*, 586 F.3d at 1151 (quoting *Gisbrecht*, 535 U.S. at 808). In determining whether a reduction in the fee is warranted, the court considers whether the attorney provided "substandard representation or delayed the case," or obtained "benefits that are not in proportion to the time spent on the case." *Id.* Finally, the court considers the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at 808); *see also*, E.D. Cal. R. 293(c)(1) (in fixing attorney's fees the court considers "the time and labor required"). Below, the Court will consider these factors in assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

    Here, Plaintiff's counsel, Francesco Benavides, is an experienced attorney who secured a successful result for Plaintiff. Plaintiff's counsel represents that he has been practicing Social Security law for nearly 15 years. ECF No. 17 at 6.[3] However, the majority of the time billed on the case was by another attorney, Freddie Effinger, and the initial motion provided no information about his qualifications or experience. Accordingly, the Court directed counsel to provide

---

[3] Page number citations such as this one are to the page number reflected on the header generated by the court's CM/ECF system and not to page numbers assigned by the parties.

1  additional information.  ECF No. 20.  In response, Plaintiff provided the supplemental declaration
2  of Mr. Effinger.  ECF No. 21-1.  Mr. Effinger's declaration states he was admitted to practice in
3  2009, and has been specializing in social security disability law since he joined the Social
4  Security Administration as an attorney advisor in 2010.  ECF No. 21-1 at ¶¶ 3-4.  Mr. Effinger
5  then began working in private practice representing claimants in disability cases in 2019.  *Id*. at ¶¶
6  8-9.  There is no indication that a reduction of fees is warranted due to any substandard
7  performance by counsel.  There is also no evidence that Plaintiff's counsel engaged in any
8  dilatory conduct resulting in excessive delay.

    Counsel has submitted a billing statement in support of the requested fee.  ECF No. 17-4.
The billing statement shows Mr. Benavides billed 7.1 hours and Mr. Effinger billed 30.7 hour, for
a total of 37.8 hours.  The Court finds that the amount of time expended (37.8 hours) is somewhat
high considering that the administrative record in this case was a relatively slight 658 pages.  ECF
No. 6; *see also Costa v. Commissioner*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("Many district
courts have noted that twenty to forty hours is the range most often requested and granted in
social security cases.").  Although the hours billed may be somewhat high, counsel prepared a 23-
page brief (ECF No. 7) raising multiple issues, and the Court does not find the hours billed
unreasonable.  Dividing the requested fee of $39,000 by the 37.8 hours billed results in an
effective hourly rate of $1,031.75/hour.  This is a significant hourly rate and is approaching what
could be categorized as a windfall amount.

    However, the effective hourly rate is similar to that approved by other courts.  In
*Crawford*, the Ninth Circuit found the fee awards in the three consolidated cases to be reasonable,
and the fee requests ranged from $11,500 to $24,000, and if divided by the hours expended would
have resulted in effective rates in the range of $500 to $900/hour. 586 F.3d at 1145-1147.  The
effective rate appears somewhat higher than a sampling of recent rates approved in this District.
*See Garcia v. O'Malley*, 2024 WL 4121872 (E.D. Cal. September 9, 2024) (effective hourly rate
of $685); *Guzman Paz v. Commissioner*, 2024 WL 4029592 (E.D. Cal. September 3, 2024)
(effective hourly rate of $883); *Garcia v. Commissioner*, 2024 WL 3968083 (E.D. Cal. August
28, 2024) (effective hourly rate of $864).  However, courts have also approved higher effective

rates. *See Roxsann D. A. v. O'Malley,* 2024 WL 1136398 (C.D. Cal. Feb. 12, 2024) ("The Central District of California has frequently found reasonable fees with effective hourly rates exceeding $1,000"); *Timothy M. v. Commissioner*, 2023 WL 1071604 (D. Oregon Jan. 27, 2023) (effective rate of $1,863); *Tristan v. Commissioner*, 2023 WL 6129832 (E.D. Cal. Sept. 19, 2023) (effective rate of $1,580).

The $39,000 fee is not excessive in relation to the benefits awarded. In making this determination, the court recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent Plaintiff on such terms. *See Crawford*, 586 F.3d at 1152 ("[t]he attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases"). While the effective rate of $1,031 is approaching what could be considered unreasonable, or a windfall, the award is reasonable in this instance. *See also Biggerstaff v. Saul*, 840 F.App'x 69 (9th Cir. 2020) (affirming the district court's reduction of a contingency fee from $50,000 to $32,760 resulting in an effective hourly rate of $1,400).

For the reasons stated above, the court concludes that the fees sought by counsel pursuant to § 406(b) are reasonable.

## II. OFFSET FOR EAJA FEES

An award of § 406(b) fees must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Here, Plaintiff's attorney was previously awarded $7,495.00 in EAJA fees. *See* ECF No. 16. Counsel therefore must remit that amount to Plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for attorney Fees under 42 U.S.C. § 406(b) (ECF No. 17), is GRANTED;

2. Counsel for Plaintiff is awarded **$39,000** in attorney's fees under § 406(b); the Commissioner shall certify that amount to be paid to counsel from the funds previously withheld for the payment of such fees; and

3. Counsel for Plaintiff is directed to remit to Plaintiff the amount of **$7,495** for EAJA fees previously paid to counsel by the Commissioner.

SO ORDERED:

DATE: June 5, 2025.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE